Bowdre *vs.* Macon & Brunswick Railroad Company.

---

P. E. BOWDRE, trustee, plaintiff in error, *vs.* the MACON AND BRUNSWICK RAILROAD COMPANY, defendant in error.

When on the trial of an issue as to the amount due on a " Confederate contract," under the Ordinance of 1865, the plaintiff proposed to prove by a witness that the defendant had invested the Confederate money received from the plaintiff, in cotton, at ten and twenty cents per pound, and got for it forty cents, after the war, which evidence, so proposed to be offered, was rejected by the Court: *Held*, that it was not error in the Court to reject the evidence.

Although the Court may give a wrong reason for its judgment, still, if the judgment is right, this Court will not reverse it.

Confederate Currency. Scaling Ordinance. New Trial. Before Judge COLE. Bibb Superior Court. May Term, 1869.

Bowdre, as trustee for Edmund Fitzgerald, held certain bonds of the Macon & Brunswick Railroad Company, dated in 1862, bearing interest, payable semi-annually, which bonds were secured by mortgage on said company's real and personal property. In October, 1868, $2,205 00 of said interest was due and unpaid, said mortgage was foreclosed, and the mortgage *fi. fa.* was levied on certain personal property of the company. The proceeding was opposed by the company upon the allegations that said bonds and mortgage were given for a loan of Confederate currency made by Fitzgerald to said company, on the 26th of March, 1863, when five dollars of such currency was worth but one of gold, and therefore the amount should be razeed, under the scaling Ordinance of November 18th, 1865 ; and that said loan was contrary to the laws and public policy of the United States.

The affidavit and judgment, the *fi. fa.* and levy being in

evidence, plaintiff closed. The defendant read in evidence the bonds, the coupons from which were the basis of said foreclosure, of which a sufficiently substantial discription is given above, except that on their faces they were payable in "the lawful money of the Confederate States of America." The President of the company then testifies that plaintiff bought said bonds, in 1863, at seven per cent. premium, for Confederate currency, then worth but one-fifth as much as specie. He was asked, by plaintiff, if the company did not invest said Confederate currency in cotton, at ten and twenty cents per pound, for which it got forty cents per pound, after the war. The question was objected to and the objection was sustained. The Judge remarked, that but for said Ordinance, such bonds, so purchased from the company, would have no validity. The jury found for plaintiff only $471 87, on a specie basis. Said remark and the refusal to allow said question answered, are assigned as error.

W. POE, S. HALL, for plaintiff in error.

WHITTLE & GUSTIN, for defendant.

WARNER, J.

The error assigned to the judgment of the Court below, in this case, is the refusal to allow the president of the company to be asked by plaintiff's counsel, "if the company did not invest said Confederate currency in cotton, at ten and twenty cents per pound, for which it got forty cents per pound, after the war." In sustaining the objection to this evidence, the Court remarked, that "but for the Ordinance, such bonds, so purchased from the company, would have no validity." This is also assigned as error. In our judgment, the question proposed to the witness was not admissible under the provisions of the Ordinance of 1865.

Although the Court may have given a wrong reason for its judgment, still, if the judgment of the Court was right upon the question, this Court will not reverse it on that ground.

Let the judgment of the Court below be affirmed.